PRESENT: All the Justices

TORRI A. BRANDON

OPINION BY
v.    Record No. 111396              JUSTICE CLEO E. POWELL
June 7, 2012[1]

RICHARD COX, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

In this appeal, Torri A. Brandon argues that the trial court erred in ruling that her security deposit could be retained by Richard Cox and Horner & Newell, Inc. ("Horner") to satisfy the alleged rent obligation of the housing authority. Because Brandon failed to preserve this argument for appeal, we hold that the argument is waived, and we will affirm the judgment of the trial court.

I. FACTS AND PROCEEDINGS

Brandon was a Section 8 tenant in a property owned by Cox and managed by Horner. For reasons beyond her control, Brandon prematurely terminated her lease. Despite receiving a Landlord Certification of Good Standing which stated that Brandon did not owe any back rent, did not owe anything for any damage to the property, and had not violated the terms of the lease, Cox retained her security deposit.

In December of 2010, Brandon filed a warrant in debt against Cox and Horner seeking the return of her security

---

[1] As amended by Order of the Court dated September 24, 2012.

1

deposit.  The general district court ruled in favor of the defendants.

Brandon appealed to the circuit court, which found in favor of the defendants on May 5, 2011.  On May 17, 2011, Brandon filed a motion for reconsideration and memorandum in support thereof in which she made the argument that she now makes on appeal.  Nothing in the record indicates that Brandon affirmatively sought a ruling from the trial court or that the trial court ever considered the motion.  Brandon filed her notice of appeal on June 3, 2011.  On June 27, 2011, Brandon filed a proposed written statement of facts and requested a hearing on the matter.  The trial court entered the written statement of facts on July 15, 2011.  The written statement of facts does not contain any details about the argument made by counsel at the trial or the ruling made by the court.  Furthermore, the written statement of facts makes no reference to the motion for reconsideration.  This appeal followed.

## II. ANALYSIS

Code § 8.01-384(A) states:

Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor . . . .  No party, after having

2

made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. . . . Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Our rules of court apply this statute such that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Rule 5:25.

The statute and rule have been interpreted to mean that "[a] party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.' "  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)).  "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.' "  Id. (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)).

3

Rule 5:25 exists " 'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.' " Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). Recognizing that the purpose of the rule is not " 'to obstruct petitioners in their efforts to secure writs of error, or appeals,' " this Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the assigned error. Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Kercher v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 105, 115, 142 S.E.2d 393, 395 (1928)). The purpose of the rule is to " 'to put the record in such shape that the case may be heard in this [C]ourt upon the same record upon which it was heard in the trial court.' " Id.

A review of the record in this case demonstrates that Brandon had two opportunities to preserve her argument for appeal. Her first opportunity to do so was during the trial. However, the order entered by the trial court on May 5, 2011, merely states that after receiving evidence and hearing argument from both sides, "it is ORDERED that the plaintiff take nothing and that judgment be entered in favor of the

4

defendants" and, "[e]xceptions are noted."  Moreover, her statement of facts is only a recitation of the facts leading to the trial in the general district court.  Therefore, because neither her written statement of facts nor the order indicates what argument was made to the trial court and what ruling was made, this opportunity was lost.

Brandon's second opportunity to preserve her argument was through her written motion for reconsideration in which she made the argument she now makes on appeal.  There is no evidence in the record that Brandon requested or received a ruling on her motion for reconsideration.  Thus, the question for this Court is whether Brandon availed herself of her second opportunity to preserve her argument for appeal.

Code § 8.01-384(A) makes it clear that an argument made at trial through a written document, such as a motion for reconsideration, is properly preserved unless expressly waived or withdrawn.  We must now, however, consider as a matter of first impression whether merely filing a motion in the clerk's office of a circuit court properly preserves a litigant's argument for appeal when the record fails to reflect that the trial court had the opportunity to rule upon that motion.[2]

_____

[2] Indeed, we have previously held that an argument is adequately preserved where the appellant obtained a ruling on, i.e. denial of, her post-trial motion for reconsideration. Majorana v. Crown Central Petroleum Corp., 260 Va. 521, 525,

Because the purpose of Rule 5:25 is to ensure that the trial court has the opportunity to rule upon an argument, the record must affirmatively demonstrate that the trial court was made aware of the argument.  " 'If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal.' "  Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006)).

Brandon filed a motion for reconsideration with a supporting memorandum containing the argument she advances on appeal, but she failed to obtain a ruling on her motion to reconsider.  Tellingly, Brandon's written statement of facts entered by the trial court is devoid of any mention of her motion and argument as well as the nature of the trial court's ruling.  Nothing in the record indicates that the trial court was made aware that the motion for reconsideration and memorandum in support thereof were filed, and thus the statutory requirement of Code § 8.01-384(A) that the aggrieved party "make[] known to the court the action which he desires

---

539 S.E.2d 426, 428 (2000).  Although Rule 4:15(d) provides for a hearing only at the request of the court, it is incumbent upon the party seeking an appeal to provide us with a record that shows, beyond a mere filing in the clerk's office, that the court had an opportunity to rule.

6

the court to take or his objections to the action of the court and his grounds therefor" was not met in this case. Because there is no evidence in the record that the trial court had the opportunity to rule upon the argument that Brandon presents on appeal, it cannot be said that the case can be heard in this Court upon the same record upon which it was heard in the trial court and, therefore, the purpose of Rule 5:25 is defeated. Thus, we must hold that she has waived her argument by failing to preserve it.[3]

---

[3] This case does not present the type of "grave injustice" that the "ends of justice" exception to Rule 5:25 contemplates.

> Whether the ends of justice provision should be
> applied involves two questions: (1) whether
> there is error as contended by the appellant;
> and (2) whether the failure to apply the ends of
> justice provision would result in a grave
> injustice.

Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413 (2010)(citing Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)). Historically,

> [w]e have applied the ends of justice exception
> of Rule 5:25 in very limited circumstances
> including, for example, where the record
> established that an element of the crime did not
> occur; a conviction based on a void sentence;
> conviction of a non-offense; and a capital
> murder conviction where the evidence was
> insufficient to support an instruction.

Id. at 689, 701 S.E.2d at 414 (internal citations omitted). The decisions in Ball v. Commonwealth, 221 Va. 754, 758-59, 273 S.E.2d 790, 793 (1981), and Cooper v. Commonwealth, 205 Va. 883, 889-90, 140 S.E.2d 688, 692-93 (1965), are consistent with our prior approach of applying the exception sparingly.

### III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the trial court.

_Affirmed._

JUSTICE MIMS, dissenting.

This is a case in which a landlord withheld a low-income tenant's security deposit although he was not entitled to it under the law or the lease.[1]  Rather than reversing this grave injustice, the Court extends Rule 5:25 in a manner not compelled by our precedents.

The Court decides this case by determining that the record does not establish that the tenant presented to the trial court the argument she makes on appeal.  The appellant bears the burden of providing to the appellate court a record upon which it can review the judgment appealed from, including the evidence adduced at trial, the arguments made below, and the bases for the lower court's rulings.  See Prince Seating Corp. v. Rabideau, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008) (per curiam).

However, as the Court acknowledges, we previously have

---

[1] The landlord entered no appearance in this Court. Similarly, the record reveals no hint of his defense below because it contains no written motion, pleading, or other paper, or any oral argument or motion.  Cf. Code § 8.01-271.1.

held that a written post-trial motion for reconsideration is sufficient to preserve an argument for appeal.  <u>Majorana v. Crown Central Petroleum Corp.</u>, 260 Va. 521, 525, 539 S.E.2d 426, 428 (2000).  Brandon filed such a motion.  Yet the Court determines that merely filing the motion is inadequate because "[t]here is no evidence in the record that Brandon requested or received a ruling on" it.

In my view, parties who file such motions do so with every intention that the court review the issues they raise.  The filing of such a motion is evidence that the movant "requested a ruling" on it.[2]  This is especially true regarding motions for reconsideration because Rule 4:15(d) prohibits a party from requesting a hearing; rather, no hearing may be had except at the court's request.  The Rule therefore places a special obligation upon the court to review such motions without prompting by the parties, since it is otherwise unable to determine whether a hearing is necessary.

Thus, taken together, <u>Majorana</u> and Rule 4:15(d) create a conundrum:  if a motion for reconsideration is sufficient to

_____

[2] Nothing in the record here indicates that Brandon's motion was filed perfunctorily, with no expectation that the court would actually rule on it.  <u>Cf.</u> <u>Nusbaum v. Berlin</u>, 273 Va. 385, 396-97, 641 S.E.2d 494, 499-500 (2007) (appellant stating, "I am not asking the court at this time to change its ruling.  I am simply going to make sure that I have preserved any right of appeal . . . ." (internal quotation marks and alterations omitted)).

preserve an argument for appeal under <u>Majorana</u>, yet a party may not request a hearing on such a motion under Rule 4:15(d), how does the appellant establish for the record that the trial court had an opportunity to rule intelligently on the motion? I would resolve the question by holding that, at least with respect to motions for reconsideration, mere filing is sufficient.  After all, a separate letter to the clerk of court presumably would be no more effective in bringing the motion to the court's attention than the filing of the motion itself. Conversely, a letter or phone call to the chambers secretary or law clerk may be more effective in bringing the motion to the court's attention, but the record would be unlikely to reveal any trace of the effort.

Finally, this case is amenable to the Rule's ends of justice exception.[3]  While I agree with the Court's assessment that the exception should be applied sparingly, the unlawful withholding of even $995, the amount in controversy here, is a grave injustice to a person who qualifies for Section 8 housing assistance, as Torri Brandon

---

[3] The tenant has not invoked the ends of justice exception. A review of appellants' briefs in cases where this Court has applied the exception reveals that we have reversed lower courts' judgments <u>sua</u> <u>sponte</u> on the basis of arguments not made below, even where the appellant made no mention of the exception.  <u>See</u>, <u>e.g.</u>, <u>Ball v. Commonwealth</u>, 221 Va. 754, 758-59, 273 S.E.2d 790, 793 (1981); <u>Cooper v. Commonwealth</u>, 205 Va. 883, 889-90, 140 S.E.2d 688, 692-93 (1965).

did.  I therefore must respectfully dissent.