COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and Senior Judge Annunziata

BRENDA LEE BOWMAN

                                          MEMORANDUM OPINION[*]

v.      Record No. 1961-13-3                          PER CURIAM
                                          MAY 27, 2014

ROBERT RAY BOWMAN

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

(Walter F. Green, on brief), for appellant.

(Shelly R. James, on brief), for appellee.


Brenda Lee Bowman (wife) appeals a final decree of divorce.  She argues that the trial court erred by (1) calculating spousal support based on inaccurate income figures; (2) awarding the marital residence to Robert Ray Bowman (husband); and (3) basing the equitable distribution of personal property on husband's "inaccurate and self-serving list of personal property and valuations."  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences."  Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on December 8, 1999 and separated on June 21, 2012. On July 5, 2012, husband filed a complaint for divorce based on adultery and requested an award of equitable distribution, spousal support, and attorney's fees. Wife filed an answer to the complaint.

On April 4, 2013, the parties presented evidence and argument to the trial court. At trial, wife testified that she worked as a nurse and her net income was $800 every two weeks. She also introduced a paystub, showing her hourly rate and number of hours she worked.

Husband introduced evidence of a chart detailing the parties' personal property, including what wife removed from the home. Wife objected to admission of the chart, but the trial court overruled her objection and said, "It's a matter of weight."

At the conclusion of the hearing, the trial court allowed the parties to file written findings of fact and conclusions of law, which each party filed. On May 3, 2013, the trial court issued a letter opinion and held that husband did not meet his burden of proof regarding adultery. Husband filed a motion for reconsideration, which the trial court denied. On June 24, 2013, husband filed another motion to reconsider and a motion to amend the complaint for divorce. The trial court granted husband's request to file an amended complaint, which he did. On August 13, 2013, the parties appeared before the trial court on the amended complaint.[1]

On August 23, 2013, the trial court issued its letter opinion and held that husband would be granted a divorce based on the parties living separate and apart for more than one year. After considering the factors in Code § 20-107.3(E), the trial court divided the marital property equally between the parties. It awarded the marital residence to husband. The trial court also accepted husband's exhibit on the personal property, since wife "did not introduce any evidence to

---

[1] The record does not include a transcript or written statement of facts from the August 13, 2013 hearing.

- 2 -

contradict the valuation of these items." It allocated the value of the personal property that wife removed or destroyed to wife, and the personal property remaining in the marital residence to husband. The trial court next considered the factors in Code § 20-107.1(E) and awarded spousal support to husband.

On September 10, 2013, the trial court entered the final decree of divorce. Wife's counsel endorsed the order as "Seen and objected to." On September 30, 2013, twenty days after the entry of the final decree, wife filed her "Objections to Letter Ruling in Final Decree." This appeal followed.

ANALYSIS

*Spousal support – Assignment of error 1*

Wife argues that the trial court used incorrect income figures when it awarded spousal support to husband. During the trial, wife testified about her net income and submitted a paystub into evidence. In her written findings of fact and conclusions of law, she stated that she "presently brings home $29,000 per year as a nurse." She argued that husband should not be awarded spousal support because "there is no significant disparity in incomes."

On August 23, 2013, the trial court issued its letter opinion and made the following findings:

> The Wife works as a nurse at the Virginia Mennonite Retirement Community where she earns $23.72 per hour (which includes the extra one dollar an hour she receives) . . . . The Court determines that at $23.72 per hour at 40 hours per week, the Wife earns approximately $3,795.20 per month. The Husband receives Social Security disability payments of $1,298.00 per month (before deductions for Medicare) . . . . The Husband also made $349.00 in 2012 from his job delivering papers . . . .

After the issuance of the letter opinion, wife did not file a motion to reconsider, nor did she notify the trial court that she disagreed with its income figures.

- 3 -

The trial court entered the final decree of divorce on September 10, 2013. The final decree incorporated the August 23, 2013 letter opinion and awarded husband $550 per month in spousal support. Wife's counsel endorsed the final decree as "Seen and objected to," but did not include any specific objections. Twenty days later, wife filed her objections to the final decree of divorce and stated that she objected to the income figures used for spousal support. She did not seek to suspend or stay the September 10, 2013 decree.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18[2]).

"To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)).

"[T]his Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the assigned error." Brandon v. Cox, 284 Va. 251, 255, 736 S.E.2d 695, 696 (2012) (citing Scialdone, 279 Va. at 437, 689 S.E.2d at 724). "Because the purpose of Rule 5:25 is to ensure that the trial court has the opportunity to rule upon an argument, the record must affirmatively demonstrate that the trial court was made aware of the argument." Id. at 256, 736 S.E.2d at 697 (the equivalent of Rule 5:25 in the Court of Appeals is Rule 5A:18).

In this case, the record does not indicate that wife timely notified the trial court of her objection to the income figures. The letter opinion was issued on August 23, 2013, and wife did not bring to the trial court's attention her objection to the income figures. On September 10,

---

[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

2013, the trial court entered the final decree of divorce. Wife's counsel did not note any specific objections to the final decree. Wife did not raise her objections to the income figures until twenty days after the entry of the final decree. The trial court lost jurisdiction over the matter twenty-one days after the entry of the final decree. Rule 1:1. Wife did not seek to suspend or stay the final decree in order for the trial court to rule on her objections. As in Brandon, there is no evidence in the record that the trial court had an opportunity to review and rule on wife's objections prior to October 1, 2013, the twenty-first day after the entry of the final decree. Consequently, wife did not preserve her argument for appeal.

*Rule 5A:20 – Assignments of error 2 and 3*[3]

For her second assignment of error, wife argues that the trial court erred by awarding the marital residence to husband. In her brief, she states that the house was titled jointly, with rights of survivorship, and that husband's mother gave them some of the funds to purchase the house. Wife recites a portion of the testimony of husband's mother, but offers no explanation for how the trial court erred.

For her third assignment of error, wife argues that the trial court erred when it adopted husband's list of personal property. She includes the trial court's ruling regarding the personal property, and then concludes "the Court not only gave the spreadsheet 'whatever weight it has', but erroneously gave it weight that overcame the burden of proof."

---

[3] Husband argues that wife did not preserve her arguments in the second and third assignments of error because she did not timely note her objections, as stated above regarding the first assignment of error. However, unlike the argument in the first assignment of error, wife argued in her written findings of fact and conclusions of law that the house should be sold and the proceeds divided equally. She did not support a finding that husband should keep the house. With respect to the third assignment of error, wife objected to the admission of the chart of personal property during the trial. She argued that the values were not accurate. The trial court admitted the chart over her objection.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Wife did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop her arguments with respect to the second and third assignments of error.

Wife has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that wife's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second and third assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Attorney's fees and costs*

Husband asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that husband is entitled to a reasonable

amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by husband in this appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>