COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and AtLee

JOSEPHINE WESSEH

MEMORANDUM OPINION*
v.      Record No. 0709-22-4                                      PER CURIAM
SEPTEMBER 27, 2022
WOLDEARE GAY LEGESSE AND
 LYFT, INC.

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Carroll A. Weimer, Jr., Judge

(James M. Johnson; Johnson Law Firm, PC, on brief), for appellant.

(Edward W. Bailey; Kalbaugh Pfund & Messersmith, PC, on brief),
for appellee Woldeare Gay Legesse.

(Christian F. Tucker; Moran Reeves & Conn PC, on brief), for
appellee Lyft, Inc.


Josephine Wesseh appeals the circuit court's order finding that it did not have jurisdiction

and dismissing her appeal from the General District Court of Prince William County. Wesseh

argues that the circuit court erred in finding that the order she had appealed was not a final order

disposing of "the whole subject of the case" and dismissing her appeal for a lack of jurisdiction.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal, we view the evidence and all reasonable inferences arising therefrom in the

light most favorable to the prevailing party at trial." *Coxcom, LLC v. Fairfax Cnty.*, ___ Va. ___,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

___ (July 14, 2022) (quoting *Western Refining Yorktown, Inc. v. County of York*, 292 Va. 804, 815 (2016)).

On August 6, 2021, Wesseh filed a warrant in debt in the General District Court of Prince William County, seeking $20,000, plus interest and costs, stemming from an automobile accident. On the return date for the warrant in debt, neither Wesseh nor her counsel appeared. At appellees' request, the general district court dismissed the case without prejudice under Rule 7B:8(b).[1] On September 30, 2021, Wesseh noted her appeal to the circuit court.

On November 16, 2021, Lyft, Inc. moved to dismiss the appeal, arguing that the circuit court did not have jurisdiction over the matter. On January 14, 2022, the parties appeared before the circuit court for a hearing on the motion to dismiss. Subsequently, the circuit court entered an order granting appellees' motions to dismiss. The circuit court found that it did not have jurisdiction to hear the appeal because Wesseh "did not appeal a [f]inal [o]rder that disposes of the whole subject of the case and gives all relief contemplated" and dismissed the matter. Wesseh did not note any objections to the order but did file a motion for reconsideration. Wesseh then noted her appeal to this Court.

## ANALYSIS

Wesseh argues that the circuit court erred in dismissing her appeal and finding that it did not have jurisdiction over the matter. We find that Wesseh failed to preserve her arguments for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." "Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Edwards v. Commonwealth*, 41 Va. App. 752,

---

[1] "If the defendant, but not the plaintiff, appears on the return date and the case is not before the Court for trial, the Court must dismiss the action without prejudice to the right of the plaintiff to refile." Rule 7B:8(b).

760 (2003) (*en banc*). In determining whether an appellant has complied with Rule 5A:18, this Court may only consider facts contained in the record on appeal. The record on appeal includes the transcripts of the relevant proceedings or the written statement of facts in lieu of a transcript *if* the transcripts or written statement of facts in lieu of a transcript are filed in accordance with Rule 5A:8.

Here, Wesseh has failed to file a transcript of the January 14, 2022 hearing on Lyft's motion to dismiss. Additionally, although Wesseh filed a written statement of facts in lieu of a transcript, it was not properly made a part of the record on appeal.

This Court has held that an appellant establishes *prima facie* compliance with Rule 5A:8(c) if she timely files the written statement of facts in lieu of a transcript with the clerk of the trial court and mails or delivers a copy to opposing counsel "along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing." *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (*en banc*). Here, Wesseh timely filed her written statement of facts in lieu of a transcript, but she did not include the requisite notice to Lyft, Inc. and Legesse that the statement would be presented to the trial judge "no earlier than 15 days nor later than 20 days" after its filing. Rule 5A:8(c)(1). Considering Wesseh's failure to establish "*prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not 'a part of the record.'" *Clary v. Clary*, 15 Va. App. 598, 600 (1993) (*en banc*) (quoting *Mayhood v. Mayhood*, 4 Va. App. 365, 369 (1987)).

Because the record before us does not reflect that Wesseh stated her objection to the circuit court's ruling "with reasonable certainty at the time of the ruling," Wesseh has waived her argument on appeal. *See Lloyd v. Kime*, 275 Va. 98, 107-08 & n.* (2008). Although Wesseh timely filed a motion to reconsider with the clerk of the circuit court, she did not request a hearing or ask the circuit court to suspend or stay the final order. Nothing in the record indicates

that the circuit court had an opportunity to consider and rule on the motion before it lost jurisdiction under Rule 1:1(a). To preserve an argument for appeal, "the record must affirmatively demonstrate that the trial court was made aware of the argument." *Brandon v. Cox*, 284 Va. 251, 256 (2012). "A motion to reconsider is insufficient to preserve an argument not previously presented unless the record establishes that the court had an opportunity to rule on the motion." *Westlake Legal Group v. Flynn*, 293 Va. 344, 352 (2017). Accordingly, we find that Wesseh had opportunities to make her arguments and objections known but ultimately "waived her argument by failing to preserve it." *Brandon*, 284 Va. at 256.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*